Gregory G. Pinski
CONNER & PINSKI, PLLP
P.O. Box 3028
520 Third Avenue North
Great Falls, MT 59403-3028
Telephone: (406) 727-3550
Facsimile: (406) 727-1640
gregorypinski@csplawfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS DIVISION

―――――――――――――――――――― x
APRIL GREER, CORY WENGREEN, LARRY :
HOLCOMB AND DOREE CASTLE, : Cause No. CV-09-33-BLG-RSC-CSO
     Plaintiff, :
 :
- against - : **COMPLAINT AND JURY DEMAND**
 :
MONTANA LEGEND, LLC, :
WESTMOORE MANAGEMENT, LLC, :
FRANK LINDSEY, MATTHEW R. JENNINGS, :
ROBERT L. JENNINGS II, and DOES 1-100, :
inclusive, :
 :
     Defendants.
―――――――――――――――――――― x

COMES NOW, Plaintiffs April Greer, Cory Wengreen, Larry Holcomb and Doree Castle, by and through their attorneys, Conner & Pinski, PLLP, and for their Complaint against Defendants, state and allege as follows:

**PLAINTIFFS**

1. Plaintiff April Greer ("Greer") is a resident of Carbon County, Montana.

2. Plaintiff Cory Wengreen ("Wengreen") is a resident of Carbon County, Montana.

3. Plaintiff Larry Holcomb ("Holcomb") is a resident of the state of Connecticut.

4. Plaintiff Doree Castle ("Castle) is a resident of the state of California.

**DEFENDANTS**

5.      Upon information and belief, Defendant Montana Legend, LLC ("Montana Legend") is a Delaware limited liability company with its principal place of business in Red Lodge, Carbon County, Montana.  Montana Legend may be served with process through its registered agent, Gerry Fagan, Crowne Plaza, Suite 1900, Billings, MT 59103.

6.      Upon information and belief, Defendant Westmoore Management, LLC ("Westmoore") is a California limited liability company with its principal place of business in Anaheim Hills, CA 92808.  Westmoore may be served through its registered agent, Matthew Jennings, 8141 E. Kaiser Blvd., Suite 312, Anaheim Hills, CA 92808.

7.      Upon information and belief, Defendant Frank Lindsey ("Lindsey") is an officer or director of Montana Legend and/or Westmoore residing in the state of California.

8.      Upon information and belief, Defendant Matthew R. Jennings ("M. Jennings") is an officer or director of Montana Legend and/or Westmoore residing in the state of California.

9.      Upon information and belief, Defendant Robert L. Jennings II ("R. Jennings") is an officer or director of Montana Legend and/or Westmoore residing in the state of California.

10.     The true names or capacities, whether individual, corporate, associated, affiliated, or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Upon information and belief, each of the Defendants sued herein as a fictitious name is legally responsible in some manner for the events and happenings referred to herein, and will seek leave of Court to amend this Complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to Plaintiff.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the parties and subject matter of this action, pursuant to 28 U.S.C. § 1331, because one or more causes of action arises under the laws of the United States.

12. This Court also has jurisdiction over the parties and subject matter of this action, pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the causes of action arose within Carbon County, which lies in the Billings Division of this Court.

**COUNT I – FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq*.**
**(All Plaintiffs)**

14. Plaintiffs reallege and restate the allegations set forth in paragraphs 1-13 above, as if fully set forth herein.

15. Montana Legend is an employer within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

16. Plaintiffs are covered employees within the meaning of the FLSA.

17. Plaintiffs are former employees of Montana Legend, all of whom were involuntarily terminated without cause.

18. Upon termination of their employment, Montana Legend failed to pay all earned and unpaid wages through the date of their respective terminations to Plaintiffs.

19. To the extent any Plaintiff was classified as exempt from the FLSA by Montana Legend, that exemption was lost upon Montana Legend's failure to pay all wages that were due

3

and owing, which resulted in Plaintiffs falling below the FLSA minimum wage for hours worked in the weeks Plaintiffs were not paid.

20. Plaintiffs' unpaid wages will be determined at trial, but is alleged upon information and belief to currently total, exclusive of interest and penalties, $38,207.95 to Plaintiff Wengreen; $17,371.63 to Plaintiff Greer; $23,660.13 to Plaintiff Castle and $14,261.08 to Plaintiff Holcomb.

21. Pursuant to the FLSA, Plaintiffs are entitled to a penalty of double the amount of unpaid wages, attorney's fees, costs, interest and all other damages and remedies permitted by statute.

22. Defendant Westmoore is the controlling shareholder of Montana Legend and jointly and severally liable for the unpaid wages on the basis set forth in Plaintiffs' piercing the corporate veil claim set forth below.

23. Defendants Lindsey, R. Jennings and M. Jennings are all officers or directors of Westmoore and/or Montana Legend, all of whom exerted operational control over significant aspects of Montana Legend's business, making these individual defendants personally liable under applicable law for the conduct of Montana Legend in failing to pay the earned and unpaid wages.

### COUNT II – MONTANA WAGE AND WAGE PROTECTION ACT
### § 39-3-201, *et seq.*, MCA
### (Plaintiffs Greer and Wengreen)

24. Plaintiffs reallege and restate the allegations contained in paragraphs 1-23 above, as if fully set forth herein.

25. Montana Legend owes Plaintiffs Greer and Wengreen wages as defined in Section 39-3-201, MCA, in an amount to be determined at trial, but which upon information and belief is

alleged to total, exclusive of interest and costs, $121,007.95 to Plaintiff Wengreen and $33,193 to Plaintiff Greer.  Despite demand by Wengreen and Greer for payment of the same, Montana Legend has not paid the amount due as required by law.

26.    Wengreen and Greer are entitled to a 110% statutory penalty on the unpaid wages that are due and owing pursuant to Section 39-3-206, MCA.

27.    As a direct and proximate cause of Montana Legend's failure to pay Wengreen's and Greer's wages as required by law, Wengreen and Greer have suffered damages, penalties, interest, attorney's fees and costs, all in an amount to be determined at trial as outlined above.

28.    Defendant Westmoore is the controlling shareholder of Montana Legend and jointly and severally liable for the unpaid wages on the basis set forth in Plaintiffs' piercing the corporate veil claim set forth below.

29.    Defendants Lindsey, R. Jennings and M. Jennings are all officers or directors of Westmoore and/or Montana Legend, all of whom exerted operational control over significant aspects of Montana Legend's business, making these individual defendants personally liable under applicable law for the conduct of Montana Legend in failing to pay the earned and unpaid wages.

### COUNT III – CALIFORNIA LABOR CODE § 201, *et seq.*
### (Plaintiff Castle)

30.    Plaintiffs reallege and restate the allegations contained in paragraphs 1-29 above, as if fully set forth herein.

31.    Pursuant to California Labor Code § 201, *et seq.*, an employer must pay all compensation due and owing to an employee who is terminated from employment.  California public policy favors full and prompt payment of wages due to an employee.

32.     Montana Legend violated California Labor Code § 201, *et seq.* when it terminated Plaintiff Castle and failed to pay all wages due and owing in an amount to be determined at trial, but which upon information and belief is alleged to total $29,044.81, exclusive of interest and penalties.

33.     As a direct and proximate cause of Montana Legend's willful conduct, Plaintiff Castle is entitled to an award of damages, including the unpaid wages, waiting time penalties, punitive damages, attorney's fees and costs, as allowed by California law.

34.     Defendant Westmoore is the controlling shareholder of Montana Legend and jointly and severally liable for the unpaid wages on the basis set forth in Plaintiffs' piercing the corporate veil claim set forth below.

35.     Defendants Lindsey, R. Jennings and M. Jennings are all officers or directors of Westmoore and/or Montana Legend, all of whom exerted operational control over significant aspects of Montana Legend's business, making these individual defendants personally liable under applicable law for the conduct of Montana Legend in failing to pay the earned and unpaid wages.

### COUNT IV – CONNECTICUT GENERAL STATUTE § 31-69, *et seq.*
### (Plaintiff Holcomb)

36.     Plaintiffs reallege and restate the allegations contained in paragraphs 1-35 above, as if fully set forth herein.

37.     Pursuant to Connecticut General Statute § 31-69, *et seq.*, an employer must pay all compensation due and owing to an employee who is terminated from employment.

38.     Montana Legend violated Connecticut General Statute § 31-69, *et seq.* when it terminated Plaintiff Holcomb and failed to pay all wages due and owing in an amount to be

determined at trial, but which upon information and belief is alleged to total $26,185.08, exclusive of interest and penalties.

39. As a direct and proximate cause of Montana Legend's willful conduct, Plaintiff Holcomb is entitled to an award of damages, including the unpaid wages, penalty equal to double the amount of unpaid wages, attorney's fees and costs, as allowed by Connecticut law.

40. Defendant Westmoore is the controlling shareholder of Montana Legend and jointly and severally liable for the unpaid wages on the basis set forth in Plaintiffs' piercing the corporate veil claim set forth below.

41. Defendants Lindsey, R. Jennings and M. Jennings are all officers or directors of Westmoore and/or Montana Legend, all of whom exerted operational control over significant aspects of Montana Legend's business, making these individual defendants personally liable under applicable law for the conduct of Montana Legend in failing to pay the earned and unpaid wages.

## COUNT V – BREACH OF CONTRACT
### (All Plaintiffs)

42. Plaintiffs reallege and restate the allegations contained in paragraphs 1-41 above, as if fully set forth herein.

43. All Plaintiffs entered into Employment Agreements with Montana Legend.

44. Each contract provided the terms of employment, rate of pay, bonus compensation, severance compensation, fringe benefits and other amounts payable to Plaintiffs.

45. Despite Plaintiffs' notice of default and demand for payment of the amounts due and owing, Montana Legend has failed to pay all such amounts under the contracts.

46. As a result of this conduct, Montana Legend has breached these contracts, all to Plaintiffs' detriment.

47. As a direct and proximate cause of Montana Legend's conduct, Plaintiffs have been damaged in an amount to be determined at trial, but which upon information and belief is alleged to total $121,007.95 to Plaintiff Wengreen; $33,193 to Plaintiff Greer; $29,044.81 to Plaintiff Castle and $26,185.08 to Plaintiff Holcomb, plus all other damages and remedies available at law and equity.

48. Defendant Westmoore is the controlling shareholder of Montana Legend and jointly and severally liable for the damages on the basis set forth in Plaintiffs' piercing the corporate veil claim set forth below.

### COUNT VI – PIERCING THE CORPORATE VEIL
### (All Plaintiffs)

49. Plaintiffs reallege and restate the allegations set forth in paragraphs 1-48, as if fully set forth herein.

50. Upon information and belief, Westmoore is the majority, controlling unitholder of Montana Legend, owning at least 67% of the outstanding units in Montana Legend.

51. Upon information and belief, Westmoore holds a voting position on Montana Legend's Management Board and upon improperly ousting Montana Legend's independent officers and directors, replaced these positions with its individuals who are also officers and directors of Westmoore, including the individual defendants named herein. Upon information and belief, Westmoore executives and agents now control Montana Legend's board and corporate officer positions.

52. Upon information and belief, through its controlling ownership of Montana Legend, Westmoore has become an alter ego, instrumentality or an agent of Montana Legend, because, *inter alia*, Westmoore owns the majority of the Montana Legend units; Westmoore is the controlling shareholder of Montana Legend; Westmoore officers and/or directors are

8

members of the Montana Legend Management Board; Westmoore officers and/or directors are corporate officers of Montana Legend; Westmoore has engaged in *ultra vires* acts that are contrary to proper corporate governance and accounting practices; Westmoore has diverted investments for Montana Legend to its own use; Westmoore has undercapitalized Montana Legend; and Westmoore and Montana Legend share common officers and directors.

53. Upon information and belief, it is appropriate to pierce the corporate veil of Montana Legend to hold Westmoore jointly and severally liable for the claims asserted in this Complaint, because Montana Legend has been used as a subterfuge to defeat public convenience, justify a wrong or perpetuate a fraud.

54. As a result of this conduct, Plaintiffs have suffered damages as set forth herein.

WHEREFORE, Plaintiff prays that the Court issue an order:

A. Granting judgment to Plaintiffs against Defendants, jointly and severally, based upon the claims set forth above.

B. Awarding Plaintiffs damages against Defendants based upon the claims set forth above in an amount to be determined at trial, but which exceed $75,000, exclusive of interest and costs.

C. Awarding Plaintiffs statutory penalties as set forth herein.

D. Awarding Plaintiffs punitive damages against Defendants as allowed by law.

E. Awarding Plaintiffs pre-judgment interest against Defendants as allowed by law.

F. Awarding Plaintiffs his costs including reasonable attorney's fees, as allowed by law.

G. Granting Plaintiffs such other and further relief as the Court deems just and equitable.

Dated: March 31, 2009.

                                                  CONNER & PINSKI, PLLP

                                                  /s/ Gregory G. Pinski
                                                  _____
                                                  Gregory G. Pinski
                                                  P.O. Box 3028
                                                  520 Third Avenue North
                                                  Great Falls, MT 59403-3028
                                                  Telephone: (406) 727-3550
                                                  Facsimile: (406) 727-1640
                                                  gregorypinski@csplawfirm.com

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues triable to a jury.

Dated: March 31, 2009.

                                                  CONNER & PINSKI, PLLP

                                                  /s/ Gregory G. Pinski
                                                  _____
                                                  Gregory G. Pinski
                                                  P.O. Box 3028
                                                  520 Third Avenue North
                                                  Great Falls, MT 59403-3028
                                                  Telephone: (406) 727-3550
                                                  Facsimile: (406) 727-1640
                                                  gregorypinski@csplawfirm.com